**FRUIT AND VEGETABLE PACKERS AND WAREHOUSEMEN'S UNION, LOCAL 760, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A.F. of L.–C.I.O., Plaintiff,**

**v.**

**TORVIG SEALANDER FRUIT COMPANY and Tree Fruits Labor Relations Committee, Inc., Defendants.**

**No. 1282.**

United States District Court
E. D. Washington, S. D.

April 3, 1958.

Bassett, Davies & Roberts, Seattle, Wash., for plaintiff.

Halverson, Applegate & McDonald, Yakima, Wash., for defendant Torvig Sealander Fruit Co.

Ernest Falk, Yakima, Wash., for defendant Tree Fruits Labor Relations Committee, Inc.

DRIVER, Chief Judge.

Plaintiff labor union brought this action under the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185, to secure specific enforcement of an arbitration clause in a collective bargaining agreement. The plaintiff and the defendants each moved for summary judgment. The motions were argued on March 20, 1958, and taken under advisement. In the oral argument, counsel for the parties were in agreement that there are no genuine issues as to any material fact, and the case is, therefore, in a posture for decision on the issues of law presented by the motions.

The factual basis for the decision is to be found in the complaint, the answer, and the affidavits submitted in connection with the motions. The jurisdictional allegations of the complaint are admitted in the answer.

Briefly, it appears that there is in force and effect a collective bargaining contract between the parties, a copy of which is attached to the complaint. A dispute has arisen growing out of the following circumstances: In November, 1956, the employer-defendant Torvig Sealander Fruit Company recalled a number of employees who had been laid off, but failed to recall Wanita French, a member of the plaintiff union. She filed a grievance with plaintiff, claiming that her seniority rights had not been respected as provided for in Section 6(a) of the contract. Plaintiff took up the matter with employer-defendant, but before an agreement could be reached, the latter discharged Wanita French. Plaintiff protested this action, and sought to invoke the arbitration provision of the contract, Section 10(b), but the defendants have refused to arbitrate the dispute.

It is the position of defendants that the matters in controversy, as above related, are not subject to arbitration under the contract. This contention is based upon Sections 4 and 5, which are as follows:

"Section 4—*Company Rights.*

"The determination and establishment of performance standards for all operations and quality of workmanship required is reserved to management, and nothing in this agreement shall be construed to limit or in any way restrict the right of management to adopt, install or operate new or improved equipment or methods."

"Section 5—*Discharge*

"The Company shall have the right to discharge any employee for inefficiency, incompetency or other just cause and shall be the judge thereof, provided such judgment must be fairly and reasonably exercised. No employees, however, shall be discharged or discriminated against by the Company for engaging in proper or legitimate Union activity, not interfering with production."

Plaintiff, on the other hand, maintains that the dispute is subject to arbitration, and that the court should enter a decree of specific performance requiring the employer to proceed with arbitration as provided by the terms of the contract.

The case of Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972, decided June 3, 1957, is conclusive, it seems to me, on the proposition that a Federal District Court has the power and authority to require either party to carry out the arbitration provisions of a contract such as the one here under consideration. The sole remaining question for determination is, whether the dispute or difference between the parties is subject to arbitration.

In the present case, Section 10(a) of the contract provides that employee grievances shall be arbitrated if representatives of the employer and the union fail to agree upon a settlement. Section 10(b) further provides that "Any difference as to interpretation or application of the clauses of this Agreement shall be referred to an Arbitration Committee * * *." Section 10(c) recites that "the foregoing provisions [as to arbitration] shall not apply to negotiations of wage scales or new agreements, nor shall they be construed to empower any arbiter or arbitration Committee to change, modify or add to the provisions of this Agreement."

As Judge Wyzanski pointed out in Textile Workers Union v. American Thread Co., D.C., 113 F.Supp. 137, 139, in the absence of specific exception in the contract, issues as to the meaning of its language are arbitrable. Here, not only is there no specific exception, but the contract expressly provides that any difference as to interpretation or application of the clauses of the agreement shall be submitted to arbitration. The grievance of employee union member, Wanita French, clearly involves, it seems to me, interpretation and application of Section 5, with reference to discharge of employees, and Section 6, regarding work preference and seniority. It is true that Section 5 gives the employer the right to discharge an employee for inefficiency, incompetency, or other just cause, and makes the employer the judge thereof, with the proviso, however, that such judgment must be fairly and reasonably exercised. The defendants here claim and allege in their supporting affidavits that Wanita French was discharged because of inefficiency and incompetency, and for a just cause, but the plaintiff union has the right to have submitted to arbitration the question whether the judgment of the employer in discharging Wanita French was fairly and reasonably exercised.

I also have in mind Section 4 of the contract which gives the employer the right to determine and establish performance standards for all operations and quality of workmanship, but con-

sidering the entire contract and its scope and purpose, I do not think it should be interpreted by a court to give the employer the absolute and unqualified right, free of all obligations as to arbitration, to discharge a member of the contracting union because of lack of qualifications or inefficiency, or for any cause which the employer might deem sufficient.

As pointed out in the majority opinion in Textile Workers Union v. Lincoln Mills, supra, one of the most important considerations for which the union agrees to forego the right to strike is to obtain a contract which will provide job security for its members. If an employer had the absolute right to discharge employees without restraint and without arbitration, the contract would be empty and worthless so far as any enforceable rights of the employees are concerned.

In conclusion, I think a dispute has arisen here which should be submitted to arbitration, and the court will enter summary judgment in favor of the plaintiff, requiring defendants to proceed with arbitration as provided in the contract.