[No. 2128–3. Division Three. May 31, 1978.]

RETAIL STORE EMPLOYEES LOCAL 631, *Appellant,* v. TOTEM SALES, INC., *Respondent.*

*John H. Rayback,* for appellant.

*Wesley M. Wilson,* for respondent.

MUNSON, C.J.—The plaintiff union appeals the granting of a summary judgment dismissing its complaint which

alleged: (1) that the defendant employer breached a collective bargaining agreement; and (2) that the defendant employer intentionally interfered with the relationship between the union and its members. The court held that it lacked jurisdiction over the first claim inasmuch as the collective bargaining agreement required the issue to be first submitted to arbitration. As to its second claim, the National Labor Relations Board has exclusive jurisdiction over that allegation.

The parties entered a collective bargaining agreement on September 17, 1975. Article 13 thereof specifies the grievance and arbitration procedure.[1] It specifically states that the grievance and arbitration procedures are applicable when there is a

> complaint, dispute, or controversy in which an employee or the Union claims that the Employer has failed to carry out a provision of this Agreement and which involves a question concerning the proper interpretation or application of or compliance with this Agreement, . . .

After plaintiff commenced this action, it submitted interrogatories to the defendant. The defendant filed an answer contesting the complaint and cross–complained, alleging that the union had breached the contract and further that the union had interfered with the relationship between the defendant employer and its employees. Thereafter, the defendant moved to strike the plaintiff's interrogatories and moved for summary judgment; plaintiff filed a brief in opposition to this motion and further moved to compel answers to the interrogatories. The trial court granted

---

[1] Article 13.1 of the collective bargaining agreement states:

"A grievance is a complaint, dispute or controversy in which an employee or the Union claims that the Employer has failed to carry out a provision of this Agreement and which involves a question concerning the proper interpretation or application of or compliance with this Agreement, provided the grievance (except a grievance concerning a discharge) is presented within thirty (30) calendar days after the occurrence which caused the grievance. A grievance concerning a discharge shall be presented within fifteen (15) calendar days after the discharge, otherwise such discharge shall stand."

summary judgment and did not reach the interrogatories issue. We affirm.

██ A party may not avoid an opponent's motion for summary judgment by resting on mere allegations of its complaint but must set forth specific facts showing that there is a genuine issue of material fact. *Plaisted v. Tangen,* 72 Wn.2d 259, 432 P.2d 647 (1967); *Bates v. Grace United Methodist Church,* 12 Wn. App. 111, 529 P.2d 466 (1974); *McGough v. Edmonds,* 1 Wn. App. 164, 460 P.2d 302 (1969). Plaintiff admits in its brief "in truth, there are no facts before the court except the allegations in the pleadings, and the contract between the parties . . ." The fact that the trial court entered findings of fact and conclusions of law is irrelevant; they are superfluous and unnecessary. *State ex rel. Zempel v. Twitchell,* 59 Wn.2d 419, 367 P.2d 985 (1962); *Fite v. Lee,* 11 Wn. App. 21, 521 P.2d 964 (1974).

██ State courts have jurisdiction over litigation between an employer and a labor organization.[2] However, this jurisdiction must be within the substantive principles of federal labor law. *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957). The substantive principles of federal labor law evidence a strong public policy that parties to a collective bargaining agreement containing an arbitration clause will submit their disputes and controversies to arbitration in accordance with that contract.[3]

---

[2]*Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 7 L. Ed. 2d 593, 82 S. Ct. 571 (1962); *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519 (1962); *Trust Fund Servs. v. Heyman,* 88 Wn.2d 698, 565 P.2d 805 (1977); *Trust Fund Servs. v. Trojan Horse, Inc.,* 15 Wn. App. 140, 548 P.2d 344 (1976).

[3]*United Steelworkers of America v. America Mfg. Co.,* 363 U.S. 564, 4 L. Ed. 2d 1403, 80 S. Ct. 1343 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960); *Lodge 12, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.,* 257 F.2d 467 (5th Cir. 1958); *Fruit & Vegetable Packers, Local 760 v. Torvig Sealander Fruit Co.,* 160 F. Supp. 623 (E.D. Wash. 1958); *Trust Fund Servs. v. Heyman, supra; Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157,

Although the courts decide whether a dispute should be submitted to arbitration,[4] the court must consider the arbitration clause contained within the collective bargaining agreement in determining that issue.[5]

Our Supreme Court has held that arbitration must be pursued before either party "can resort to the courts for relief." *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 162, 516 P.2d 1028 (1973). Here, the employer did not waive the arbitration right since it was properly asserted as a ground for granting the motion for summary judgment. *Cf. Pedersen v. Klinkert,* 56 Wn.2d 313, 352 P.2d 1025 (1960).

Therefore, in light of the strong federal policy favoring compliance with arbitration agreements and in light of the broad grievance procedure set out in this collective bargaining agreement, we conclude that the trial court properly ruled that it lacked jurisdiction over the breach of contract allegation.

■ The union's second contention is that the court did have jurisdiction over the claim of unlawful interference in the relationship between the union and its members. The trial court held that arguably unlawful interference was an unfair labor practice under 29 U.S.C. §§ 157 and 158 (1965), and therefore within the jurisdiction of the National Labor

---

516 P.2d 1028 (1973); *Associated Gen. Contractors of America, Inc. v. Trout,* 59 Wn.2d 90, 366 P.2d 16 (1961); *Greyhound Corp. v. Division 1384, Amalgamated Ass'n of Street Employees,* 44 Wn.2d 808, 271 P.2d 689 (1954); *Trust Fund Servs. v. Trojan Horse, Inc., supra; Concrete Technology Corp. v. Laborers' Int'l, Local 252,* 3 Wn. App. 869, 479 P.2d 125 (1970); Annot., 29 A.L.R.3d 688 (1970); Annot., 24 A.L.R.2d 752 (1952); *accord,* 29 U.S.C. § 173(d) (1965).

[4]*Drake Bakeries, Inc. v. Local 50, American Bakery,* 370 U.S. 254, 8 L. Ed. 2d 474, 82 S. Ct. 1346 (1962); *West Coast Tel. Co. v. Local 77, IBEW,* 431 F.2d 1219 (9th Cir. 1970); *Lodge 12, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.,* 257 F.2d 467 (5th Cir. 1958); Annot., 24 A.L.R.2d 752, § 7 (1952).

[5]Annot., 24 A.L.R.2d 752, § 3 (1952); *see also United States Bulk Carriers, Inc. v. Arguelles,* 400 U.S. 351, 27 L. Ed. 2d 456, 91 S. Ct. 409 (1971); *Lodge 12, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc., supra; Fruit & Vegetable Packers, Local 760 v. Torvig Sealander Fruit Co., supra; Associated Gen. Contractors v. Trout, supra; Greyhound Corp. v. Division 1384, Amalgamated Ass'n of Street Employees,* 44 Wn.2d 808, 271 P.2d 689 (1954).

Relations Board. In *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244–45, 3 L. Ed. 2d 775, 79 S. Ct. 773, 779 (1959), the court stated:

> At times it has not been clear whether the particular activity regulated by the states was governed by § 7 or § 8 or was, perhaps, outside both these sections. The courts are not primarily tribunals to adjudicate such issues. It is essential to the administration of the act that these determinations be left in the first instance to the national labor relations board. What is outside the scope of this court's authority cannot remain within a State's power and state jurisdiction too must yield to the exclusive primary competence of the Board.

Furthermore, in *Liner v. Jafco, Inc.,* 375 U.S. 301, 306, 309–10, 11 L. Ed. 2d 347, 351, 84 S. Ct. 391, 395–96 (1964), the court stated:

> This controversy involves the fundamental question of whether the Tennessee courts had any power whatever to adjudicate the dispute between the parties. Congress has invested the National Labor Relations Board with the exclusive power to adjudicate conduct arguably protected or prohibited by the National Labor Relations Act. . . .
>
> Whether or not the facts showed a "labor dispute" within the meaning of 29 U.S.C. § 152(9) is certainly at least arguable. Consequently, . . . "the state court had no jurisdiction to issue an injunction or adjudicate the controversy which lay within the exclusive power of the National Labor Relations Board." 371 U.S. at 546–547.[6]

(Footnote omitted.)

It does appear that the allegations of the unlawful interference by an employer with relations of the union and its members is an unfair labor dispute as that term has been defined in 29 U.S.C. 152(9) (1965).[7]

---

[6]The defendant contends that certain allegations have already been submitted to the NLRB which have been unsuccessfully appealed by the union to the Ninth Circuit Court of Appeals. Those matters are not before us and we know not whether they are involved in the allegation of the intentional interference between the union and its members; hence those statements cannot be considered by us.

[7]*See NLRB v. American Rolling Mill Co.,* 126 F.2d 38 (6th Cir. 1942). The term "labor dispute" includes any controversy concerning terms, tenure or conditions of employment or concerning the association or representations of persons

Further, we note that 29 U.S.C. § 158(a) (1965) states:

It shall be an unfair labor practice for an employer—
. . .
(2) to dominate or interfere with the formation or administration of any labor organization . . .

Therefore, we conclude that the court properly held that the second allegation was within the exclusive jurisdiction of the NLRB. However, since the interference allegation is possibly a breach of the parties' collective bargaining agreement, this dispute could have been submitted pursuant to the agreement's grievance procedure. Any decision under the grievance procedure

may serve to temporarily assuage the aggrieved party and afford validity to contract terms (even including unfair labor practices) until a final disposition of the matter of unfair labor practice be made by the Board. Even though the Board is not bound by an arbitration award, it may find that compliance with the award is not violative of the Act, or it may even, in the exercise of its discretionary power, decline action because an award has been made or arbitration is possible.

(Footnotes omitted.) *Lodge 12, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.,* 257 F.2d 467, 473 (5th Cir. 1958); *accord, Rios v. Reynolds Metals Co.,* 467 F.2d 54 (5th Cir. 1972).

█ Lastly, the union contends that it is unable to obtain damages for the alleged interference of the defendant. *Drake Bakeries, Inc. v. Local 50, American Bakery, supra* at 266 (1962), seems to suggest to the contrary when the court stated:

[B]y staying this action pending arbitration we have no intention of depriving it of those damages. We simply remit the company to the forum it agreed to use for processing its strike damage claims. That forum, it is true,

regulating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment regardless of whether the disputants stand in the proximate relationship of employer and employee.

may be very different from a courtroom, but we are not persuaded that the remedy there will be inadequate. (Footnote omitted.)

Judgment is affirmed.

GREEN and MCINTURFF, JJ., concur.