[No. 4127–1–III. Division Three. April 22, 1982.]

INLAND EMPIRE CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, *Appellant*, v. DAVE JOHNSON, ET AL, *Defendants*, RELCO ELECTRIC, INC., *Respondent*.

*Wesley M. Wilson*, for appellant.

*Mary Ellen Krug* and *Schweppe, Doolittle, Krug, Beezer & Beierle,* for respondent.

MUNSON, J.—The Inland Empire Chapter of the National Electrical Contractors Association (NECA) appeals a summary judgment in favor of the defendants. We reverse and remand for proceedings consistent with this opinion.

NECA is a multi-employer bargaining unit, an association of employers which serves the same function in collective bargaining relative to the employer as a union serves relative to the employee. Respondent, Relco Electric, Inc. (Relco), is an electrical contractor and a former member of NECA.[1]

The gravamen of the action is an allegation of NECA that Relco withdrew from NECA in contravention of the notice provisions of the association contract. Relco later entered into an interim agreement with Local 497 of the International Brotherhood of Electrical Workers, which allowed Relco to avoid a work stoppage imposed against NECA members. Relco did agree to abide by the contract subsequently negotiated by NECA.

NECA filed a contract damage claim against Relco. Relco moved for summary judgment on the ground there was no contract between the parties.[2] NECA countered by also moving for summary judgment, arguing Relco's withdrawal was an unfair labor practice. Relco responded to that motion by arguing the state court lacked jurisdiction over a labor dispute. Relco was granted summary judgment on the ground that jurisdiction lay exclusively before the National Labor Relations Board. This appeal ensued.

Relco urges state jurisdiction is preempted by federal

---

[1]It remains to be determined whether there is a contract between NECA and Relco. Relco signed an agreement with a union, so NECA was a third party beneficiary. The court below must determine whether the contract is enforceable by NECA when Relco's original summary judgment motion is considered.

[2]Relco's original motion for summary judgment, arguing no contract exists between the parties, has not yet been determined by the court below.

supremacy under the National Labor Relations Act and falls within the exclusive jurisdiction of the National Labor Relations Board. A labor dispute includes:

[A]ny controversy . . . concerning the association or representation of persons . . . seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee.

29 U.S.C. § 152(9) (1976). Controversies which involve a labor dispute lie within the exclusive jurisdiction of the NLRB. *Retail Store Employees Local 631 v. Totem Sales, Inc.,* 20 Wn. App. 278, 283, 579 P.2d 1019 (1978); *see also Liner v. Jafco, Inc.,* 375 U.S. 301, 11 L. Ed. 2d 347, 84 S. Ct. 391 (1964).

Disputes involving unfair labor practices are left to the exclusive competence of the NLRB "if the danger of state interference with national policy is to be averted." *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959). This doctrine of broad federal preemption, first enunciated in *Garner v. Teamsters Local 776,* 346 U.S. 485, 98 L. Ed. 228, 74 S. Ct. 161 (1953), is intended to prevent any possible interference with federal policy. It has thus been held that where conduct even arguably involves a labor dispute, the NLRB has jurisdiction. *San Diego Bldg. Trades Council v. Garmon, supra; Retail Store Employees Local 631 v. Totem Sales, Inc., supra.* But as noted in *Garner v. Teamsters Local 776, supra* at 488, the act "leaves much to the states, . . ."

In *International Ass'n of Machinists v. Gonzales,* 356 U.S. 617, 621, 2 L. Ed. 2d 1018, 78 S. Ct. 923, 925 (1958), the court stated:

If, . . . certain state causes of action sounding in tort are not displaced simply because there may be an argumentative coincidence in the facts adducible in the tort action and a plausible proceeding before the National Labor Relations Board, a state remedy for breach of contract also ought not be displaced by such evidentiary coincidence when the possibility of conflict with federal policy is similarly remote.

■ The NLRB has rules for withdrawal by members from multi–employer bargaining units, but no one contends these rules were broken. *NLRB v. Associated Shower Door Co.,* 512 F.2d 230 (9th Cir. 1975); *Retail Assocs., Inc. v. Retail Clerks Int'l Ass'n Locals 128 & 633,* 120 N.L.R.B. 388 (1958). Since this matter is before the court on summary judgment, we have scant facts available, but nothing in the record suggests any relationship to labor goals nor any unfair labor practice. This is a dispute between an employers' bargaining unit and a member; no employee or union is involved.[3] All reported cases found by this court include at least one employee or union as a party or relate to a dispute involving a union or employees. *See Charles D. Bonanno Linen Serv., Inc. v. NLRB,* 454 U.S. 404, 70 L. Ed. 2d 656, 102 S. Ct. 720 (1982). Thus, we believe employer bargaining unit disputes with members which do not affect labor negotiations are not included in the scope of the preemption doctrine. We advance the following reasons:

1. It has been held that intraunion disputes, that is disputes between a union and its members which sound in tort or contract, are within state jurisdiction. In *International Ass'n of Machinists v. Gonzales, supra,* 356 U.S. at 622, the court stated in a footnote:

"In determining the question of whether the exclusive jurisdiction to grant damages in a case of this kind lies in the Labor Relations Board, it is first necessary to determine the character of the pleadings and issues in this case. The petition alleged a breach of contract between the union and plaintiff, one of its members. . . . No

---

[3]In its motion for summary judgment, NECA argues the withdrawal of any member of a multi–employer bargaining unit weakens the unit and is therefore a labor dispute. However, this argument begs the question. Since the NLRB has rules governing the withdrawal of members from bargaining units, it is the violation of such rules which engenders a labor dispute. Withdrawal within NLRB rules—which appears to be the case here, since no one argues to the contrary—is not an unfair labor practice and absent some demonstrable connection to labor policies or union relations is not a labor dispute subject to federal preemption. *Retail Assocs., Inc. v. Retail Clerks Int'l Ass'n Locals 128 & 633, supra.*

charge of 'unfair labor practices' appears in the petition. The answer to the petition denied its allegations and challenged the jurisdiction of the court, but said nothing about unfair labor practices. . . . Thus the question of unfair labor practice was not raised nor was any finding on the subject requested of, or made by, the court."

*Local 207, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Perko,* 373 U.S. 701, 10 L. Ed. 2d 646, 83 S. Ct. 1429 (1963); *Local 100, United Ass'n of Journeymen v. Borden,* 373 U.S. 690, 10 L. Ed. 2d 638, 83 S. Ct. 1423 (1963). By analogy, disputes between employer bargaining units and members may be tried in state courts.

2. The "peripheral concern" doctrine suggests that when the possibility of conflict between state action and federal policy is too remote, there is no clash and therefore no federal jurisdiction. *Oskoian v. Canuel,* 269 F.2d 311 (1st Cir. 1959). To be a peripheral concern, the crux of the dispute must be internal to the union. *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 29 L. Ed. 2d 473, 91 S. Ct. 1909 (1971). Analogically, if the crux of the dispute is internal to the multi–employer bargaining unit, and not job related, then it, too, is a "peripheral concern" not subject to preemption.

3. There may be concurrent jurisdiction in some cases where the federal government will control labor issues but the state will have concurrent power to determine contract and tort actions. *See Smith v. Evening News Ass'n,* 371 U.S. 195, 9 L. Ed. 2d 246, 83 S. Ct. 267 (1962) (action arising under 29 U.S.C. § 185 (1976)).[4] Thus, when common law tort or contract actions are inextricably intertwined with labor issues, they may be determined by the National Labor Relations Board as a matter of pendent federal jurisdiction. *Genesco, Inc. v. Joint Council 13, United Shoe Workers,* 230 F. Supp. 923 (S.D.N.Y. 1964), *aff'd,* 341 F.2d

---

[4]NECA maintains it comes within the exception of 29 U.S.C. § 185(a) (1976), involving suits between an employer and a labor organization. No labor organization is involved here; therefore, this exclusion is inapplicable on its face. We argue its application by analogy only.

482 (2d Cir. 1965). But if the contract or tort action can rationally be tried separately by the state court, the state should take concurrent jurisdiction. *International Ass'n of Machinists v. Gonzales, supra.*

The facts here presented on summary judgment are insufficient to determine whether the crux of this matter involves a labor dispute. It remains to be seen whether there is even a contract in this case, let alone a breach; therefore, we remand for a factual determination whether this dispute would have or did have an impact upon labor negotiations. If such impact is found, the suit should be dismissed for want of jurisdiction. If not, the court should proceed to consider other issues raised by the parties.

McINTURFF, C.J., and ROE, J., concur.

Reconsideration denied May 28, 1982.

Review denied by Supreme Court September 13, 1982.