[No. 10482-9-I. Division One. July 25, 1983.]

HOLLY BLENHEIM, *Appellant,* v. DAWSON & HALL, LTD., ET AL, *Respondents.*

*Lawrence Moore,* for appellant.

*Timothy J. Parker* and *John Schedler,* for respondents.

SWANSON, J.—Holly Blenheim appeals dismissal of her claim against Dawson and Hall, Ltd. (Dawson) and Pacific

Partition Systems, Inc. (PPS) for failure to state a claim upon which relief can be granted under CR 12(b)(6). We affirm.

Blenheim brought this action against Dawson, PPS, and "seven unknown individuals." Blenheim in her complaint alleged that on December 24, 1980, a number of employees of PPS held a Christmas party at a construction site. The defendant Dawson was general contractor at the site and PPS was Dawson's subcontractor. Blenheim further alleged that the employees paid Blenheim to dance at the party, and that after dancing and drinking she felt drugged and attempted to run from the site. She claims she was struck, raped, and left unconscious, awaking with a broken arm.

Blenheim evidently based her action against the corporations on two theories: (1) the corporations were vicariously liable for the actions of the seven individuals; and (2) the corporations were directly negligent for violating safety regulations and failing to provide security and supervision. Blenheim submitted a number of interrogatories to Dawson and PPS. The defendants' answers stated that their employees, including one PPS foreman, were at the party and that the corporations did not sponsor any Christmas party in 1980 and were unaware of the party at the time it took place. The corporate defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6). The trial court granted the motion.

At the outset, we must determine the dismissal procedure used by the trial court and in turn the appropriate standard of review.

Where an answer is filed prior to a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6), the motion will be considered one for judgment on the pleadings pursuant to CR 12(c). *Stevens v. Murphy*, 69 Wn.2d 939, 421 P.2d 668 (1966). Thus, because the defendants in this case filed answers prior to their motion to dismiss, the motion initially should be considered as one for judgment on the pleadings under CR 12(c).

Furthermore, CR 12(c) provides:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A motion to dismiss under CR 12(c) can be considered a motion for summary judgment even if not denominated as such either by the moving party or the court. *Stevens,* at 943.

 In the present case, the trial court stated in its order granting dismissal that it considered the records herein, which included interrogatories and answers. Answers to interrogatories may be considered in deciding a summary judgment motion. *American Linen Supply Co. v. Nursing Home Bldg. Corp.,* 15 Wn. App. 757, 764, 551 P.2d 1038 (1976). Accordingly, this, in substance, was a summary judgment and the standard of review on appeal is the same as for summary judgment.

Because this in substance was a summary judgment, there is a question of whether the parties were given reasonable opportunity to present materials on summary judgment as required by CR 12(c). Blenheim, in her memorandum to the trial court in opposition to the motion for summary dismissal, repeatedly referred to defendants' answers to her interrogatories to support her position and referred to the test for summary judgment.[1] Thus, it

---

[1] Blenheim in her memorandum in opposition to defendants' motion for summary dismissal referred numerous times to discovery materials. For example, the first sentence of her "opposing statement" section reads: "In answer to plaintiff's first set of interrogatories, now docketed, Dawson and Hall admit two (2) of their employees were present at the Christmas party in issue."

Blenheim also indicated in her memorandum to the trial court that the court should decide the motion as a summary judgment stating:

> Dawson and Hall and P.P.S. vigorously assert the authority of *Kuehn v. White,* 24 Wn. App. 274, 600 P.2d 679 (1979) in support of their Motion, but fail to plead the critical language of the case:
>
> > A party is entitled to summary judgement when the record shows there

appears that Blenheim not only had the opportunity to present materials, but, in fact, presented materials. While ordinarily where a trial court treats a motion under CR 12(b)(6) or 12(c) as one for summary judgment it must ask all parties if they wish to present materials, where the appealing party in fact presented materials and argued the motion as one for summary judgment the trial court need not on its own initiative ask the parties if they wish to present additional materials. Review of this dismissal as a summary judgment is appropriate.[2]

■ In reviewing a motion for summary judgment an appellate court engages in the same inquiry as the trial court. *E.g., Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982). Summary judgment is proper under CR 56(c)

if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party." *Wilson v. Steinbach,* at 437. Furthermore, "[a] party may not avoid an opponent's

is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. *Balise v. Underwood,* 62 Wn. 2d 195, 381 P. 2d 966 (1963). Considering all of the evidence submitted and the reasonable inferences therefrom in the light most favorable to the non-moving party, we must determine if reasonable people might reach different conclusions from the evidence and inferences therefrom. If so, summary judgement must be denied. CR 56(c); *Jacobsen v. State,* 89 Wn. 2d 104, 569 P. 2d 1152 (1977). Whether a tortious act was one performed within the scope of employment for which the master would consequently be held liable is a determination which necessarily depends upon the particular circumstances and facts of the case. The question is ordinarily one for the trier of facts . . .

For the Court to dismiss this case it would have to pass judgement on disputed facts.

[2]Although we review the motion as one for summary judgment, we believe the result would be the same even if we treated the motion as one under CR 12(b)(6) or 12(c). We note that at oral argument counsel for Blenheim was unable to articulate any facts in support of her claim that would entitle her to relief.

motion for summary judgment by resting on mere allegations of its complaint but must set forth specific facts showing that there is a genuine issue of material fact." *Retail Store Employees Local 631 v. Totem Sales, Inc.,* 20 Wn. App. 278, 281, 579 P.2d 1019 (1978); *accord, Plaisted v. Tangen,* 72 Wn.2d 259, 432 P.2d 647 (1967).

Thus, the issue here is whether based on the specific facts in the materials presented there existed genuine issues of fact as to each of the elements constituting the causes of action alleged by Blenheim.

We first address Blenheim's claim that the corporate defendants were vicariously liable. We conclude that the materials presented show there is no genuine issue of fact as to defendants' vicarious liability.

This court in *Kuehn v. White,* 24 Wn. App. 274, 277, 600 P.2d 679 (1979) discussed the issue of an employer's liability for the conduct of his employees.

> A master is responsible for the servant's acts under the doctrine of respondeat superior when the servant acts within the scope of his or her employment and in furtherance of the master's business. Where a servant steps aside from the master's business in order to effect some purpose of his own, the master is not liable.

In particular, where an employee commits an assault in order to effect a purpose of his own, the employer is not liable. *Kyreacos v. Smith,* 89 Wn.2d 425, 429, 572 P.2d 723 (1977). *Kuehn* also recognized that although whether an employee's conduct is within the scope of his employment is ordinarily a question for the jury, certain fact patterns may as a matter of law relieve the employer of liability. *Kuehn,* at 280–81.

Here, even the facts alleged establish that as a matter of law the defendant corporations were not liable. The alleged conduct involved assault and rape and was not within the scope of employment or in furtherance of the employers' business. Granting defendants' motion on the vicarious liability theory was proper.

Blenheim's second theory for recovery is that the

defendant corporations were directly negligent. To establish negligence the plaintiff must prove that: (1) the defendants had a statutory or common law duty to protect the plaintiff from the general type of harm at issue; (2) the defendants violated that duty; and (3) defendants' conduct constituting the breach proximately caused the damage suffered by the plaintiff. *E.g., Bernethy v. Walt Failor's, Inc.,* 97 Wn.2d 929, 932, 653 P.2d 280 (1982). The defendants argue that they owed Blenheim no duty to protect her from the type of harm at issue here. Blenheim asserts that the defendants breached a duty established by WISHA and OSHA safety rules by allowing alcohol on the premises.

■ Washington courts follow the test stated in the Restatement (Second) of Torts § 286 (1965) in deciding whether violation of a regulation shall be considered in determining liability. *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 257, 501 P.2d 285 (1972). The Restatement states:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

Blenheim is not within the class of persons OSHA and WISHA were designed to protect nor was the harm alleged of the type against which the regulations were intended to protect. The regulations were intended to ensure safe working conditions for employees. *Davis v. Niagara Mach. Co.,* 90 Wn.2d 342, 346, 581 P.2d 1344 (1978). Here, no facts were presented showing Blenheim was an employee or that her alleged injury was the type against which the regulations were designed to protect. Hence, a violation of the

regulations does not establish any liability. The trial court correctly dismissed the action based on a claimed violation of OSHA and WISHA.

Blenheim also claims that the defendant corporations were directly negligent because they breached a common law duty to maintain security and provide supervision at the party, thereby causing her injury.

■■ We believe Blenheim failed to present facts showing that the defendants owed the plaintiff a duty in this situation. The existence of a duty is a question of law. *Bernethy,* at 933; *Bailey v. Gammell,* 34 Wn. App. 417, 419, 661 P.2d 612 (1983). Absent a special relationship between the parties, one does not have a duty to protect another from criminal acts of a third person. *Bartlett v. Hantover,* 9 Wn. App. 614, 620, 513 P.2d 844 (1973), *rev'd on other grounds,* 84 Wn.2d 426, 526 P.2d 1217 (1974).

Courts have recognized a few situations where a third party has a duty to protect a victim from the criminal acts of another. As two commentators have observed, "these negligence actions rely upon a duty to provide reasonable security, a breach of that duty, reliance by the victim on an express or implied promise of security, and that the breach of defendant's duty was the proximate cause of the victim's injury." Hauserman & Lansing, *Rape on Campus: Postsecondary Institutions as Third Party Defendants,* 8 J. C. & U. L. 182, 191 (1981–82). Thus, a common carrier has been found to have a duty to provide security for patrons against foreseeable criminal acts. *Kenny v. Southeastern Pa. Transp. Auth.,* 581 F.2d 351 (3d Cir. 1978). Similarly, Washington courts have recognized that a school district may have a duty to provide adequate supervision and security to protect schoolchildren from the intentional torts of others. *McLeod v. Grant Cy. Sch. Dist. 128,* 42 Wn.2d 316, 255 P.2d 360 (1953). Also, an employer may have a duty to provide security to protect employees from reasonably anticipated criminal conduct to which the employment exposes the employee. *Bartlett,* 9 Wn. App. at 621; Annot., 9 A.L.R.3d 517 (1966).

To determine whether a third party has a duty to protect a person from the intentional acts of others, an important factor to consider is the relationship between the parties. *McLeod,* at 318. In all the circumstances where courts have recognized that a third party has a duty to provide security, the third party expected that persons like the plaintiffs would be on the premises, and knew or should have known that activities related to the criminal act could have been reasonably anticipated, *see Kenny,* at 354; *McLeod,* at 322. Here, there were no facts presented indicating the corporations expected persons such as Blenheim on the premises.[3] Also, Blenheim failed to present any materials showing there was any reason for the defendants to anticipate a criminal act. There were no materials presented with evidence of prior criminal conduct on the premises or by the employees.

Under these circumstances, we conclude, the defendant corporations had no duty to provide security to prevent the type of harm at issue. Accordingly, based on the materials presented the trial court correctly granted defendants' motion based on Blenheim's direct liability claim against Dawson and PPS.

Judgment affirmed.

CORBETT and SCHOLFIELD, JJ., concur.

Reconsideration denied September 8, 1983.

Review denied by Supreme Court November 18, 1983.

---

[3]The answers to plaintiff's interrogatories establish that the corporations were unaware of the Christmas party. Blenheim fails to present any materials to contest that fact.