[No. 10263-0–I. Division One. January 16, 1984.]

DAWN M. TOSO TORRES, *Appellant,* v. SALTY SEA DAYS,
INC., ET AL, *Respondents.*

Tom P. Conom, Harry B. Platis, and Mary L. Gaudio, for appellant.

H. Scott Holte, Christopher H. Howard, Bruce Jones, City Attorney, and Grant K. Weed, Assistant, for respondents.

RINGOLD, J.—Dawn Toso Torres appeals a summary judgment dismissing her claims against Salty Sea Days, Inc. (Salty), the City of Everett Police and Fire Departments (Everett), and the Washington State Ferry System (Ferry System). We affirm the dismissal of Torres' claims against Everett and the Ferry System. We reverse the dismissal of Torres' claim against Salty and remand for trial.

This is a personal injury action arising out of the Salty Sea Days festival held in the city of Everett during May 1978. The festival is an annual community entertainment event sponsored by a nonprofit corporation, defendant Salty. As part of the 1978 festival, Salty leased a ferry from the Ferry System for an evening cruise on Puget Sound. Torres, who was 19 years old at the time, purchased a ticket at a local retail store and joined the cruise. She alleged that while on board the ferry, she purchased 20 drink tickets and consumed between 15 and 20 drinks containing VO and water. After the cruise, Torres attempted to drive home, was involved in a 1–car automobile accident, and was seriously injured.

Torres brought suit against Salty and Everett, alleging they were sponsors of the cruise and were negligent per se in selling liquor to a minor. Torres brought suit against the Ferry System alleging it breached its duty of care as a common carrier to protect an intoxicated passenger. The trial court granted the defendants' motions for summary

judgment and dismissed the claims. Torres appeals.

### Torres v. Salty

Torres based her action against Salty on the theory that Salty was negligent per se in selling liquor to a minor in violation of statutory prohibitions. In support of her claim, Torres alleged the cruise was a commercial function,[1] and presented affidavits stating that she and other minors were sold liquor by Salty personnel but were not questioned as to their ages. The trial court dismissed the action on the ground that Washington law does not recognize a cause of action in a minor consumer against a commercial vendor of alcohol for injuries the minor sustains as a result of intoxication.[2]

On review of a dismissal by summary judgment, we must accept the plaintiff's allegations as verities. *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 760–61, 458 P.2d 897 (1969). The question is whether these allegations, if proved at trial, would entitle Torres to relief. *Young v. Caravan Corp.*, 99 Wn.2d 655, 663 P.2d 834 (1983) is dispositive.[3] *Young* holds that the violation of statutes[4] prohibiting the sale of alcohol to minors is negligence per se. *Young* also recognizes a cause of action in a minor consumer against a commercial vendor of alcohol for injuries

---

[1]The elements necessary to state a cause of action against a supplier of alcohol for alcohol–related injuries differ according to whether the alcohol is supplied in a social or commercial context. *See Young v. Caravan Corp.*, 99 Wn.2d 655, 663 P.2d 834 (1983).

[2]The trial court recognized there were disputed factual issues which would normally preclude summary judgment, *e.g.*, whether the cruise was a commercial or social function, but dismissed the claim for failure to state a claim upon which relief can be granted, CR 12(b)(6). Since the court considered affidavits as well as the pleadings in ruling on the motion, the motion was properly considered as one for summary judgment pursuant to CR 56. *See Blenheim v. Dawson & Hall, Ltd.*, 35 Wn. App. 435, 667 P.2d 125 (1983).

[3]We note that *Young* was decided after this case was decided below.

[4]RCW 26.28.080, 66.44.270, and 66.44.320 prohibit the sale of alcoholic beverages to minors.

sustained by the minor as a result of intoxication. Negligence per se will not be imposed as a matter of law, however, if the vendor takes reasonable precautions to determine whether its customers are over 21 years of age. *Young,* at 660. Whether Salty took reasonable precautions to determine Torres' age is a factual question to be determined by the trier of fact.

We agree with Salty's contention that Torres was contributorially negligent as a matter of law. It is unlawful for a person under 21 years of age to purchase or consume liquor. RCW 66.44.270–.290. A violation of these statutes by a minor constitutes negligence as a matter of law. *Young,* at 662. Whether Salty's negligence, Torres' contributory negligence, or a combination of the two was the proximate cause of the accident, and the extent to which each contributed to Torres' injuries, present issues to be considered at trial.

### Torres v. Everett

Torres based her claim against Everett on two alternate theories. The first, premised on Torres' contention that Everett sponsored the cruise through its alter ego, Salty, is that Everett was negligent per se in selling liquor to a minor. The second theory is that Everett was liable for the failure of its police employees to check the identification of persons consuming liquor on the cruise.

### I
### Everett's Sponsorship of the Cruise

The trial court found that Salty was the sole sponsor of the cruise, and hence, that Everett had not provided liquor to Torres. It accordingly granted Everett's motion for summary judgment.

■ The appropriate standard of review is set forth in *Blenheim v. Dawson & Hall, Ltd.,* 35 Wn. App. 435, 439–40, 667 P.2d 125 (1983).

In reviewing a motion for summary judgment an appellate court engages in the same inquiry as the trial court. *E.g., Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d

1030 (1982). Summary judgment is proper under CR 56(c)

> if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party." *Wilson v. Steinbach,* at 437. Furthermore, "[a] party may not avoid an opponent's motion for summary judgment by resting on mere allegations of its complaint but must set forth specific facts showing that there is a genuine issue of material fact." *Retail Store Employees Local 631 v. Totem Sales, Inc.,* 20 Wn. App. 278, 281, 579 P.2d 1019 (1978); *Accord, Plaisted v. Tangen,* 72 Wn.2d 259, 432 P.2d 647 (1967).

Thus, the issue here is whether based on the specific facts in the materials presented there existed genuine issues of fact as to each of the elements constituting the causes of action alleged by [the plaintiff].

A cause of action for negligence will not lie unless the defendant owes a duty of care to the plaintiff. *Chambers–Castanes v. King Cy.,* 100 Wn.2d 275, 284, 669 P.2d 451 (1983). The question here is whether, based on the materials presented, there is a genuine issue of fact whether Everett sponsored the cruise, and thus owed a duty of care to Torres.

The materials presented on this issue related the following facts. During the 1978 festival, members of the Everett Police and Fire Departments served on Salty's board of directors. Volunteers from the fire department acted as bartenders on the cruise, and off–duty members of the police department were hired by Salty to provide security and to check identification cards. Neither the police nor fire departments had any official involvement in the festival or cruise; those city employees who participated did so as volunteers and while off–duty. The proceeds from the festival and cruise did not inure to any city department, but were retained by Salty to fund the next year's events. Torres "believed" and was "under the impression" that Everett

was a sponsor of the cruise because Everett employees participated in it.

██ These materials create no genuine issue of fact regarding Everett's sponsorship of the cruise. At most, they raise an issue as to "apparent authority" created by the participation of Everett employees in the cruise. Apparent authority is not, however, a basis for liability in tort. Because the Everett employees were not acting within the scope of their employment, their actions are not chargeable to the City. *See Houser v. Redmond,* 91 Wn.2d 36, 40, 586 P.2d 482 (1978).

## II
## Liability for Failure To Enforce the Law

The trial court determined that Torres alleged sufficient facts to support the claim that the police on the cruise had implied authority from Everett to check the identification of persons consuming liquor. The court held, however, that there is no cause of action against a municipality for failure to enforce the law.

██ The question again presented is whether Everett owed Torres a duty of care. The duty to provide police services is owed generally to the public as a whole and not to any particular individual. *Walters v. Hampton,* 14 Wn. App. 548, 554, 543 P.2d 648 (1975). An exception to this rule exists where "(1) there is some form of privity between the police department and the victim that sets the victim apart from the general public . . ., and (2) there are explicit assurances of protection that give rise to reliance on the part of the victim." (Citations omitted.) *Chambers-Castanes,* at 286.

Torres contends she had a special relationship with Everett because it sponsored the cruise. As previously discussed, Torres failed to allege facts creating an issue as to Everett's sponsorship. The mere presence of police personnel on the cruise is not enough to give rise to the requisite special relationship. Moreover, Torres did not allege that the police made any explicit assurances of protection upon

which she relied. Torres failed to establish that Everett owed her a specific duty not owed to the general public. The trial court properly dismissed the action against Everett.

## Torres v. Ferry System

■ Torres' action against the Ferry System is premised on the theory that it breached its duty of care as a common carrier to protect an intoxicated passenger. A common carrier owes its passengers the highest degree of care. *Zorotovich v. Washington Toll Bridge Auth.,* 80 Wn.2d 106, 108, 491 P.2d 1295 (1971). The question here is when this duty terminates. "In the absence of any unusual inherent danger, defect or obstruction in the place of alighting, [the carrier/passenger] relation ceases upon the alighting passenger gaining a secure and maintainable footing upon the street." *Welsh v. Spokane & I.E. R.R.,* 91 Wash. 260, 262, 157 P. 679 (1916). Torres contends that the facts of this case demonstrate "unusual danger" because she was intoxicated and because it was reasonably foreseeable that she would be injured after disembarking.

To impose liability on the carrier for injuries sustained by an intoxicated passenger after leaving the carrier, the plaintiff must establish that the carrier had both actual knowledge of her incapacity and actual knowledge that she placed herself in a dangerous position. "'The doctrine of imputed or implied notice has no application to such a case.'" *Welsh,* at 267. Torres did not allege any facts demonstrating that the Ferry System was aware of her intoxication or that she planned to drive an automobile after leaving the ferry. It is undisputed that ferry personnel were not involved in the serving of liquor and that Torres' car was not on the ferry. Nor did Torres allege that the place where she disembarked from the ferry was dangerous. Under these circumstances, the carrier/passenger relationship terminated when Torres left the vessel. *Welsh.* Torres, therefore, failed to establish any genuine issue of material fact showing that the Ferry System had a duty to protect

her from the harm at issue.

The judgments dismissing Torres' actions against the City of Everett and the Ferry System are affirmed with costs to the defendants. We reverse the judgment dismissing Salty Sea Days, Inc. and remand for trial. Costs on appeal are awarded to the plaintiff.

CALLOW and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court March 23, 1984.