**John C. DUBRET, Sr. and Jeanne Neff Dubret, husband and wife, et al., Plaintiffs,**

v.

**HOLLAND AMERICA LINE WEST-OURS, INC., Turismo Caleta; and Transportaciones Aeropuerto, Defendants.**

No. C97–1721C.

United States District Court, W.D. Washington.

Sept. 25, 1998.

Theodore Ryan Willhite, Levinson, Friedman, Vhugen, Duggan & Bland, Seattle, WA, for Plaintiffs.

Rodney E. Gould and Craig S. Harwood, Rubin, Hay & Gould, P.C., Framingham, MA, Mark Thorsrud and David von Beck, Thorsrud, Cane & Paulich, Seattle, WA, for Defendant Holland America Line Westours Inc.

## ORDER

COUGHENOUR, Chief Judge.

### I. Introduction

This is a claim for personal injuries suffered in a bus crash in Mexico. The plaintiffs were passengers on a cruise that took them from Florida, through the Panama Canal, to Acapulco. They signed onto an optional package for a two night stay in Acapulco. As they were being transported from their Acapulco Hotel to the airport at the end of this stay, their bus collided with a garbage truck and they were injured. The plaintiffs have sued Holland America Line Westours, the cruise company, Turismo Caleta, the Mexican tour company that apparently organized the Acapulco stay, and Transportaciones Aeropuerto, the Mexican bus company that owned and operated the bus involved in the crash.

Holland America has filed this motion to dismiss or, in the alternative, for summary judgment. Because both parties filed supporting affidavits that the Court has reviewed and considered in deciding this mo-

tion, this will be considered a Rule 56 summary judgment motion. *See* Fed. R.Civ.P. 12(b). The Court finds that the plaintiffs have failed to allege facts sufficient to support a claim against Holland America, and grants the motion.

### II. Discussion

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Under the Rule, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Since there is no indication that the parties contemplated the application of any other law, the Court looks to Washington State for applicable rules of tort law governing the substantive issues in this case.

The essential facts outlining the relationship between the parties are not disputed. The plaintiffs bought tickets from Holland America for its Panama Cruise, including the three night option package for a stay in Acapulco. The plaintiffs have not challenged Holland America's assertions that it contracted with the Mexican company Turismo Caleta to provide services for the Acapulco package, and that Turismo Caleta, in turn, contracted with Transportaciones Aeropuerto to provide bus service from the Hyatt Regency Acapulco to the airport at the end of the stay. The difficulty for the plaintiffs, on these facts, is providing a legal theory under which Holland America will be liable for the alleged negligence of the driver of the Transportaciones Aeropuerto bus.

First, the plaintiffs contend that Holland America is responsible for the torts of the bus driver on the theory of respondeat superior. Under this agency principle, an employer is liable for torts committed by an employee while the employee is performing duties within the scope of his or her employ-

ment. Washington courts have been particularly strict in the application of respondeat superior liability, and insist on a showing that the employee operated under the supervision and control of the employer. *See Mc-Lean v. St. Regis Paper Co.*, 6 Wash.App. 727, 732, 496 P.2d 571 (1972) ("Vicarious tort liability arises only where one engaging another to achieve a result controls or has the right to control the details of the latter's physical movements.") The facts in this case, even when viewed in the light most favorable to the plaintiffs, simply do not support a finding of respondeat superior liability.

■ The plaintiffs allege that, during their stay in Acapulco, the Holland America clients were assisted by chaperones in flower print shirts who identified themselves as Holland America representatives. One of the chaperones accompanied the Holland America clients on the chartered bus to the airport. According to an affidavit by one of the plaintiffs, this chaperone noticed that the driver was being reckless, but, instead of acting to correct the situation, moved to the back of the bus where he was less likely to be injured. The plaintiffs admit that the chaperones, when questioned after the accident, identified themselves as Turismo Caleta employees, not employees of Holland America.

■ These allegations are insufficient to overcome Holland America's unrebutted assertion that Turismo Caleta was retained as an independent contractor to provide the services in Mexico. As independent contractors, the Mexican companies did not operate under the supervision or control of Holland America.[1] The plaintiffs contend that Holland America's longstanding use of Turismo Caleta to oversee its Acapulco excursions establishes agency liability. This argument fails because the length of a business relationship has no bearing on the supervision and control that are the foundation of respondeat superior liability.

■■ The plaintiff's claim that the chaperones identified themselves as "representatives" of Holland America amounts to an allegation of apparent agency, as opposed to true employment. Washington courts are divided on the use of apparent agency to establish vicarious tort liability. *Compare Torres v. Salty Sea Days, Inc.*, 36 Wash.App. 668, 673, 676 P.2d 512 (1984), *with Mauch v. Kissling*, 56 Wash.App. 312, 316, 783 P.2d 601 (1989). However, a finding of apparent agency requires some act on the part of the principal acquiescing in the relationship. *Mauch* at 316, 783 P.2d 601. Here, the plaintiffs have identified no such acts. In fact, the alleged principal, Holland America, took positive steps to *avoid* agency liability. Both the brochure advertising the Panama cruise and the contract governing the cruise state plainly that on-shore services, including bus transportation, would be provided by independent contractors, and that Holland America would assume no liability for the negligence of these providers. Such disclaimers are enforceable, and have been found to serve as a legal bar to claims of apparent agency in cases with facts analogous to this one. *See, e.g., Sorgo v. Perillo Tours, Inc.*, No. 96 Civ. 1644 (S.D.N.Y. April 19, 1996) (tour operator's disclaimer of vicarious liability served as a legal bar to use of apparent agency to establish liability for negligence of hotel staff). Because the plaintiffs have failed to allege a set of facts that would establish Holland America's liability under the theory of respondeat superior, summary judgment on this issue is granted in favor of Holland America.

■ The plaintiffs also allege that Holland America should be liable for breach or negligent performance of its contract for safe transportation. The Court finds that, far from providing a guarantee that the plaintiffs would not suffer harm while enjoying the on-shore services, the contract expressly states that Holland America will not be held liable for harm caused by the negligence of any provider of such services. As many other Courts have found, such liability waivers are

---

1. The plaintiffs have not alleged that Holland America's contracting with Turismo Caleta was itself a negligent act. An affidavit by Donna Lee Isaak, Risk Management Administrator for Holland America, states that in the five years previous to the plaintiffs' accident, Turismo Caleta had provided ground tour services to over 250,000 Holland America passengers with no reported accidents.

enforceable. *See, e.g., Wilson v. American Trans Air, Inc.,* 874 F.2d 386, 389 (7th Cir. 1989); *Ramage v. Forbes International, Inc.,* 987 F.Supp. 810, 815 (C.D.Cal.1997); *Corby v. Kloster Cruise Ltd.,* No. C–89–4548, 1990 WL 488464, *2, *3, 1990 U.S.Dist. LEXIS 13675 at *4–9 (N.D.Cal. Oct. 5, 1990). The Court also notes that federal regulations governing airline charter contracts expressly provide for the enforceability of this type of provision. 14 C.F.R. § 380.32(x) (1996). The plaintiffs have failed to allege facts that would support a claim for relief on this theory as well and Holland America is entitled to judgment as a matter of law

### III. Conclusion

For the reasons stated above, Holland America's motion for summary judgment is GRANTED in full.

SO ORDERED.