**MOORE–McCORMACK LINES, INC., a Delaware corporation, Appellant,**

v.

**Louis RUSSAK, Appellee.**

**No. 16169.**

United States Court of Appeals
Ninth Circuit.

May 14, 1959.

Bogle, Bogle & Gates, Ronald E. McKinstry, Seattle, Wash., for appellant.

Levinson & Friedman, Sam L. Levinson, Seattle, Wash., for appellee.

Before MATHEWS, BARNES and HAMLIN, Circuit Judges.

**PER CURIAM.**

In this diversity case, appellant in this Court amended, without objection, its Petition for Removal so as to allege the plaintiff's citizenship, as well as residence, in the state of Washington.

Appellant as a public carrier owed the highest degree of care to appellee passenger for hire, injured by slipping on a foreign substance during a "dance fiesta" on the 25 x 35 foot ballroom floor of appellant's ship, which was under way at the time of the accident.

Certain facts are undisputed: (1) that plaintiff was injured, sustaining a fractured bone of the foot; (2) that plaintiff slipped; (3) that after the slip there was "on the floor * * * right next to my foot * * * a little bit of moisture. It looked like a few grapes, skin of a grape * * * five or six inches" in size; (4) that no witness who testified had observed any grapes on the floor prior to the slip; (5) that between fifteen and twenty-five minutes before the slipping, another passenger, impersonating Carmen Miranda, carrying "a basket with all kinds of fruit * * * went on the floor there * * * giving some of the fruit to the passengers, throwing it. They were asking for it." This woman passenger "was throwing grapes in the corners for the people to catch." (6) After the slip, appellee went to the ship's doctor for treatment, and a statement as to the cause of the injury was taken by the ship's nurse. The ship's doctor (the only witness for appellant) remembered vaguely "something about grapes" when the appellee told him of the slip. (7) The cruise director took pictures of the spot on the dance floor "from a few grapes," saying "We won't allow any more dances with Carmen Miranda throwing grapes." (8) There was evidence that the duty of maintenance of the salon rested with the lounge stewards while passengers were occupying the room; that a lounge steward was present that evening; that the duty rested on the lounge stewards to clean up, immediately, when anything was spilled on the dance floor.

From the foregoing the district judge trying the case without a jury stated the plaintiff's case was "thin"; that much of the evidence was not clear or satisfactory, but nevertheless found for the plaintiff on the issue of liability—infer-

entially concluding that a reasonable probability existed that the grape residue had been on the dance floor a sufficient length of time to allow defendant's employees an opportunity, in the exercise of the highest degree of care for the safety of its passengers, to remove the material from the floor, and that they had failed to do so.

We cannot say as a matter of law that the trier of fact was clearly erroneous in drawing the inference and conclusions he did. Fed.R.Civ.P. 52(a), 28 U.S.C.A.

Affirmed.