Ottilie Ruth Sara KATZ, also known as Mrs. Nathan Katz, Appellant and Cross-Appellee,

v.

CIE GENERALÉ TRANSATLANTIQUE, a corporation, Owner, Appellee and Cross-Appellant.

No. 7918.

United States Court of Appeals Fourth Circuit.

Argued Oct. 21, 1959.

Decided Oct. 26, 1959.

Israel Steingold, Richmond, Va. (S. A. Steingold, Norfolk, Va., and Steingold & Steingold, Norfolk, Va., on the brief) for appellant and cross-appellee.

Barron F. Black, Norfolk, Va. (Joseph A. Gawrys, and Vandeventer, Black & Meredith, Norfolk, Va., on the brief) for appellee and cross-appellant.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and BUTLER, District Judge.

PER CURIAM.

While a passenger on the steamship Liberte on July 4, 1956, Ottilie Ruth Sara Katz, the appellant, injured her foot in striking it against a door sill said to have been negligently constructed and inadequately lighted. Some months later, on January 8, 1957, she fell in Richmond, Virginia, and fractured her wrist, as a result of which she suffered a disability which she claims has destroyed or impaired her earning power as a beautician. She attributes the second fall and injury to unsteadiness caused by the first injury, and seeks to hold the ship liable for both.

Her action was brought in admiralty, and the Judge, who sat without a jury, accepted her version of the accident aboard ship and awarded her $3000.00 damages for the foot injury. He held, however, that she had failed to carry the burden resting upon her to prove that the second injury, in Richmond, was caused by the earlier injury to the foot while on the Liberte, and he refused to award damages against the ship for the

second fall, which resulted in injury to her wrist. Mrs. Katz appealed and the ship cross-appealed.

 In this court, counsel for the respective parties have argued earnestly and at length, but we perceive in the case nothing more than questions of fact as to which it was the Judge's function to resolve the conflicting testimony. We cannot say that the Judge's findings are clearly erroneous.

The judgment will be

Affirmed.