Pelham St. George Bissell, 3rd, J.
The evidence adduced át the trial indicates that the plaintiff wás injured as a result of a pile of packages which were hot properly secured falling during rough séás ánd causing áh employee Of the tender “ Lady Mdor'e ”, ón which plaintiff was á passenger to fall against ttié plaintiff.
Thé teñdér Vas hot OVned or üridér the Operation and control Of the defendant ánd the éoiitfátit Of passage entered into bétwééh thé plaintiff and the defendant cohfáihéd á clause which provided, in part} that the defendant would hot tié responsible for plaintiff's trdhspdrtation oh a tender tietwéeri the défetidánt's ship ánd the |)ort.
In Lawlor v. Incres Nassau S. S. Line (161 F. Supp. 764) it Vas held that Vhére a hegíigéht employee Of defendant caused *1091 injury to a passenger on a tender transporting plaintiff from sfigrg to ship that the exculpatory clause in the contract which attempted to immunize the carrier from any responsibility whatsoever during the period of time the passenger was going to and from the dock used by a tender and the defendant’s ship, was void as against public policy. In this case the court specifically stated that the question as to whether this exculpatory clause protects a carrier who uses the highest care in selecting a third person to carry thg passenger to the dock, but the passenger is nonetheless injured by the negligence of a third party, thus raising the issue as to whether the carrier was performing a nondelegable duty, did not arise because, in that case, the negligept person was an employee of the defendant. Perforce, since the negligent person, .ip the case at bar, was not an employee of the defendant, the issue as to whether the carrier was performing a nondelegable duty arises.
The plaintiff was a passenger on defendant’s cruise to Nassau. The defendant contracted to transport him there. The sole feasible means by which the plaintiff,could get from defendant’s ship to Nassau was on the tender which plied between defendant’s ship and Nassau under an agreement between defendant and the tender’s owner, the government of Nassau. The exculpatory clause in the contract between plaintiff and defendant was an attempt on the part of the defendant to relieve the carrier of its entire responsibility as to plaintiff’s transportation on the tender. This responsibility was as nondelegable as was the responsibility of the railroad in the case of Sinkler v. Missouri Pacific R. R. Co. (356 U. S. 326) (see especially .concurring opinions of Justices Clark and Whittaker). It is determined therefore that the defendant had the duty to provide the plaintiff with safe transportation, under adequate supervision, to and from fh.e ship apd shore, that this duty was not delegable, and the portion of the exculpatory clause which attempted to immunize the defendant from any responsibility whatsoever during the plaintiff’s transportation on the tender was -void as against public policy. The defendant’s dpty was not to exercise the highest care in this respect, but it was its duty to exercise due care (Lawlor v. Incres Nassau S. S. Line, 161 F. Supp. 764, supra).
There was no evidence adduced at the trial that the defendant exercised any care with relation to adequate supervision of the tender’s transportation of the plaintiff. Likewise the evidence indicates that the packages piled pn the tender were not properly secured for travel on thp rough seas from the shore to the ship and that, as a direct result of this, they toppled over thereby *1092 causing one of the tender’s employees to fall against the plaintiff thereby injuring him. There was no contributory negligence on the part of the plaintiff.
The plaintiff therefore is entitled to a judgment against the defendants. At the trial it was shown that the plaintiff sustained special damages in the amount of $38 for his doctor’s bill and $5 for medical supplies. It was also shown that the plaintiff had pain and suffering as a result of his injuries for a period of at least two weeks. For one week he was obliged to be away from work and for two weeks he was obliged to wear an elastic bandage around the injured portion of his body. It is determined that, for his special damages and for his pain and suffering, the plaintiff should receive the sum of $500. Judgment for the plaintiff against the defendants in this amount.