Riccobono, J.
(dissenting). I dissent and vote to affirm for the reasons set forth in the opinion of Danzig, J., at Trial Term, except as indicated at the end of this memorandum.
In my view, there was sufficient evidence in the record for the trial court to find in the unique and unusual factual pattern under review that the act of defendant, by its employee, in refusing to remove plaintiffs’ luggage from its plane *999 in Rio de Janeiro constituted "wilful misconduct” within the purview of subdivision (1) of article 25 of the Warsaw Convention (49 US Stat 3020; Grey v American Airlines, 227 F2d 282). Moreover, I agree with Trial Term that New York law governed the elements of damages to be recovered by plaintiffs (Husserl v Swiss Air Transp. Co., 351 F Supp 702, affd 485 F2d 1240; Mertens v Flying Tiger Line, 341 F2d 851, cert den 382 US 816; Johnson v State of New York, 37 NY2d 378; Babcock v Jackson, 12 NY2d 473).
Plaintiffs’ recovery was not limited by defendant’s filed tariff to the loss of their personal property. Individuals and corporations engaged in quasi-public business may not contract to absolve themselves from liability for their own willful misconduct or gross negligence (Johnson v Home Lines, 48 Misc 2d 1090; Krivitsky & Cohen v Western Union Tel. Co., 129 Misc 431, mod on other grounds 227 NYS 836, citing Weld v Postal Tel.-Cable Co., 199 NY 88).
Tishman & Lipp v Delta Air Lines, 275 F Supp 471, affd 413 F2d 1401), relied on by appellant is not applicable. Plaintiffs’ luggage contained the usual apparel and accoutrements of vacationers, not thousands of dollars worth of jewelry.
The award to plaintiff Hermaine K. Cohen, however, was excessive. Contrary to the finding below, her medicines were not in the lost luggage; she had them with her. I would therefore reduce her award for distress and inconvenience by $250.
Concur — Dudley, P. J., and Tierney, J.; Riccobono, J., dissents in a memorandum.