Elizabeth Margaret **LUBY** and Michael Luby, Plaintiffs,

v.

**CARNIVAL CRUISE LINES, INC.,** Defendant.

No. 85–1597–CIV.

United States District Court, S.D. Florida, Miami Division.

April 25, 1986.

Louis Fireison, New York City, for plaintiffs.

Rodney E. Walton, Miami, Fla., for defendant.

## MEMORANDUM DECISION

### I. BACKGROUND

SCOTT, District Judge.

Plaintiffs, Elizabeth Luby and her husband, Michael Luby, boarded on February 5, 1984, the MARDI GRAS, a passenger ship belonging to the defendant, CARNIVAL CRUISE LINES, INC., for a cruise. After arriving at her cabin, Mrs. Luby decided to "freshen up" in the cabin's bathroom. As she entered the bathroom and approached the wash basin, Plaintiff tripped over a coaming or ledge that surrounded the shower. The shower curtain was drawn so that the ledge around the shower was unexposed. At the time of her fall, the ship was still at the dock and there was no rocking or pitching of the ship. Additionally, there was no lack of visibility and the bathroom floor was clean and dry.

■ In this action, Plaintiffs contend that Defendant breached its duty [1] by (a) concealing the ledge from Mrs. Luby and (b) by failing to warn her of its existence. Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. With this background, the legal issues will be discussed.

### II. THE CONCEALED LEDGE

■ Initially, Plaintiffs contend that a dangerous condition existed because the ledge was hidden by the curtain from Mrs. Luby. The fatal defect with this contention is that the presence of the drawn shower curtain created a border which, if anything, made the existence of the ledge obvious rather than concealed as contended by plaintiffs. *See General Development Corporation v. Doles*, 309 So.2d 596 (Fla. 2d DCA 1975).[2]

Indeed, Mrs. Luby herself testified that she expected there to be a shower behind the curtain. [Deposition of Mrs. Luby, p. 67.] Moreover, she did not expect the area behind the shower curtain to be level with the floor. [Deposition of Mrs. Luby, pp. 67–68]. Not only is it a matter of common

---

1. Common carriers owe to their passengers the duty to exercise reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). The vessel is not, however, the insurer of the safety of the passengers. *Moore v. American Scantic Line, Inc.*, 121 F.2d 767, 1939 AMC 1525 (2d Cir.1941). Merely because an accident occurs, a carrier does not become liable to a passenger. *Katz v. Cie Generale Transatlantique*, 271 F.2d 590, 1960 AMC 52 (4th Cir.1959). While there is a duty of the carrier to warn the passenger of dangers, this obligation extends only to those dangers which are not apparent and obvious to the passenger. *N.V. Stoomvaart Maatschappij Nederland v. Throner*, 345 F.2d 472 (5th Cir.1965).

2. The Court acknowledges that this is a maritime tort because the slip and fall occurred aboard the MARDI GRAS while docked in Miami, Florida. In all other respects, however, it is a garden variety state tort claim, and in such instances, where there is no uniform federal rule, "even though admiralty suits are governed by federal substantive and procedural law, courts applying maritime law may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law." *Baggett v. Richardson*, 473 F.2d 863, 864 (5th Cir. 1973) (quoting *Alcoa Steamship Company v. Charles Ferran & Co.*, 383 F.2d 46, 50 (1967), *cert. denied*, 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968) ). Because the general maritime law embodies no principle contrary to those general principles of Florida tort law raised by both parties in their memoranda of law, this Court concludes that this case is an appropriate one for applying the law of Florida. In any case, the same outcome is dictated regardless of whether maritime or Florida law is applied. Indeed, as long as common sense remains a foundation of tort law, this outcome is mandated.

knowledge that the design of a shower stall necessitates the presence of a ledge, but Mrs. Luby has been a passenger on the cruise ship MARDI GRAS before [Deposition of Mrs. Luby, p. 45], and would, or should have been, familiar with the fact that showers at sea are equipped with ledges.

 It is clear then that the presence of the ledge behind the shower curtain was, or should have been, obvious to Mrs. Luby by the ordinary use of her senses. *See, N.V. Stomvaart, supra.* And defendant is entitled to expect, as a matter of law, that Mrs. Luby would perceive that which would be obvious to her upon the ordinary use of her senses. Accordingly, this Court concludes that the Defendant did not breach its duty of care to Mrs. Luby as a matter of law.[3]

### III. DUTY TO WARN

 Next, Plaintiffs contend that the Defendant failed to warn of the ledge's existence behind the shower curtain thereby rendering the ledge inherently dangerous. This Court respectfully disagrees.

In *Schoen v. Gilbert*, 436 So.2d 75 (Fla. 1983), the Florida Supreme Court rejected a similar argument when it approved the decision of the Third District Court of Appeal affirming the district court's granting of summary judgment in favor of the defendant. *Schoen* was a negligence action brought by a social guest against a homeowner to recover damages for personal injuries resulting from a fall when the social guest did not see a six-inch drop between the foyer and living room. The social guest argued that because of the poor lighting the step was not obvious and was therefore rendered inherently dangerous. In response, the Florida Supreme Court

held that "[t]he amount of interior lighting cannot transform a difference in floor levels into an inherently dangerous condition." *Schoen, supra* at 76. The Court also held that "[b]ecause a difference in floor levels is not an inherently dangerous condition, even in dim lighting, a homeowner has no duty to warn of such condition as a matter of law." *Schoen, supra* at 76.

Similarly, in the case at bar, this Court determines that a drawn shower curtain does not transform a ledge into an inherently dangerous condition. Accordingly, the defendant had no duty to warn of the ledge's existence as a matter of law.

### IV. CONCLUSION

The Court determines that there are no material issues of fact; and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED. The Plaintiffs' case is DISMISSED with prejudice. Full judgment is entered in favor of Defendant, Carnival Cruise Lines, Inc., and against Plaintiffs, Elizabeth Margaret Luby and Michael Luby. The Court reserves jurisdiction to assess costs, if any, upon appropriate motion.

---

3. The Court notes that plaintiff did not allege or attempt to prove a design defect in the ledge. Moreover, there was no evidence which suggested that the ledge did not adequately serve its intended function, i.e., containing soapy water to prevent it from flooding the bathroom and causing a slippery, dangerous floor. Defendant, however, in support of its motion for summary judgment, submitted the affidavit of Joseph Farcus, an architect with experience in the interior design of cruise ships. In his affidavit, Joseph Farcus asserted his expert opinion that the bathroom was properly designed. Where, as here, an issue is one of the kind on which expert testimony must be presented, and the affidavit of the expert is uncontradicted, summary judgment is proper. *Webster v. Offshore Food Service, Inc.,* 434 F.2d 1191 (5th Cir.1970).