This case was remanded to us with orders to hold an en banc hearing and determine whether the decision is in conflict with Duhon v. Petroleum Helicopters, Inc., 554 So.2d 1270 (La.App. 3d Cir.1989), writ denied, 559 So.2d 1360 (La.1990), and if so, determine which view is correct.
An en banc hearing has been held. The majority of this court concludes that the decisions are in conflict. The conflict lies in the views taken by the two panels re *1184 garding the application of the strict liability remedy of La.C.C. art. 2317, to a claim for personal injuries to a helicopter passenger, brought against the owner of the helicopter arising out of a crash at sea off the coast of Louisiana. In Duhon, this court found that the plaintiff could not recover from the helicopter owner, because the plaintiff had not proved that the owner was negligent, and because La.C.C. art. 2317 did not apply. In Green, this court found that the plaintiff had not proved that the helicopter owner was negligent, but that C.C. art. 2317 applied and the plaintiff could, therefore, recover from the helicopter owner.
The same majority also concludes that Duhon is the correct view. We do so for the same reasons we gave in Duhon, 554 So.2d at 1276, as follows:
The liability of PHI is controlled by the general maritime tort law. A helicopter ferrying passengers from shore to an artificial island is engaged in a function traditionally performed by waterborne vessels, and if it is involved in an accident on the high seas, admiralty jurisdiction is invoked. Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). The plaintiffs here are in state court because of the “saving to suitors” clause of 28 U.S. C.A. § 1333. Plaintiffs are in state court seeking a remedy for a wrong, but if the remedy sought under state law alters or conflicts with the maritime or admiralty law which establishes the substantive rights of the parties, then the federal substantive admiralty or maritime law controls. Hebert v. Diamond M. Co., 367 So.2d 1210 (La.App. 1st Cir.1978).
The question before us is whether the strict liability remedy of La.C.C. art. 2317 is available to the plaintiffs in this admiralty ease.
We decide that it is not. Under La. C.C. art. 2317 and the jurisprudence interpreting it, legal fault is imposed on the custodian of a thing for damage caused by a defect in the thing, regardless of any personal negligence by the custodian. King v. Louviere, 543 So.2d 1327 (La.1989). The strict liability or legal fault that arises from La.C.C. art. 2317 is more than a rebuttable presumption of negligence. Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986). The custodian cannot be absolved from his strict liability even if he proves that he did not know and could not have known of the unreasonable risk to others. Id. at 116.
We have been unable to find anything in the general maritime tort law the same as La.C.C. art. 2317. The warranty of seaworthiness and the liability that attaches to the breach thereof may have some kindred features, but it is applicable only to seamen; there is no implied warranty of seaworthiness extended to passengers. Complaint of Compagnie Generate Transatlantique, 392 F.Supp. 973 (U.S. D.C., Puerto Rico, 1975). Instead, a carrier’s duty when transporting passengers requires him to exercise a very high degree of care. Moore-McCormack Lines, Inc. v. Russak, 266 F.2d 573 (9th Cir., 1959). Merely because an accident occurs, however, a carrier does not become liable to a passenger. Katz v. Cie Generate and Transatlantique, 271 F.2d 590 (4th Cir.1959). A passenger may recover personal injury damages only if he proves the fault or negligence of a carrier. Counts v. Lafayette Crewboats, Inc., 622 F.Supp. 299 (W.D.La.1983).
Since the general maritime tort law requires proof of negligence by a passenger who sues a common carrier, and La.C.C. art. 2317 does not require proof of negligence, there is a substantive conflict affecting the rights of the parties, and the maritime law must prevail.
Although the remand order did not explicitly require us to decide the Green appeal, we assume that that is now our duty as a matter of course.
The trial court found that Green and the intervenor had not proved that either Industrial Helicopters or its pilot were guilty of any negligence in the case. There is no clear error in these findings of fact.
*1185 For these reasons, the opinion and judgment rendered herein on April 18, 1990, is recalled and set aside. The judgment of the trial court is reversed, and the claims of the plaintiff and intervenor are dismissed. Plaintiff will pay three-fourths of the costs below and on appeal. Intervenor will pay one-fourth of the costs.
REVERSED.
LABORDE, J., dissents and assigns reasons.
FORET and STOKER, JJ., dissent for the reasons assigned by LABORDE, J.
KNOLL dissents and assigns reasons.