Jennifer HENDERSON and Joseph Henderson, Plaintiffs,

v.

CARNIVAL CORPORATION, Defendant.

No. 90–503–CIV.

United States District Court, S.D. Florida, Miami Division.

Sept. 29, 2000.

Steven J. Irwin, Owen & Galloway, Gulfport, MS, Nathan Dorlon Clark, Coral Reef Law Offices, Palmetto Bay, FL, for Plaintiffs.

Edward S. Polk, Miami, FL, Rodney E. Gould, Rubin Hay & Gould, Framingham, MA, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DE # 4). Both parties submitted affidavits, which the court considered in assessing their arguments; therefore the Motion will be treated as one for summary judgment.

## BACKGROUND

Plaintiffs spent their honeymoon aboard a cruise ship owned by Defendant Carnival. On their second day of the cruise, Plaintiffs purchased tickets from Carnival for an excursion, on a catamaran in St. Lucia, called the Soufriere Cruise Adventure. On the trip returning to the cruise ship, the catamaran struck a coral reef and Plaintiffs were injured. None of these facts are disputed by the parties. Defendants move for dismissal of the complaint or, in the alternative, judgment as a matter of law because, they assert, Plaintiffs' claims are barred by a disclaimer that appeared on the cruise ticket, and because Plaintiffs' injuries were caused by the acts of an independent third party, for whom Carnival cannot be held responsible. In their response, Plaintiffs allege that Carnival did own and operate the catamaran, which bore the Carnival logo, and therefore Carnival is liable for their injuries. Alternatively, Plaintiffs argue that as a common carrier, Defendant may not limit its duty to safely transport passengers to and from shore.

### I. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only where there is *no* genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* at 157, 90 S.Ct. 1598.

However, the non-moving party

[m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact,

the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

## II. Discussion

■ Plaintiffs contend that summary judgment is inappropriate because there remains genuine issues of material fact. The only fact that Plaintiffs actually challenge pertains to the ownership of the catamaran.[1] Plaintiffs rely on the fact that the catamaran bore the Carnival logo and the crewmembers wore shirts with the same logo. Defendant Carnival has denied ownership or control of the catamaran, which Defendant contends is owned by Cox & Company. Defendant offers the affidavit of Lupe Seco, a claims representative with the company, who offers an uncontested statement that the excursion was operated by Cox & Company, and that Carnival has never owned or controlled this company. Additionally, both parties attached to their motions copies of the ticket that forms the contract between the parties, which states that all excursions from the cruise ship are provided by *independent* operators, rather than employees of Carnival. Defendant has denied ownership of the boat, identified by name the independent operators of the excursion, and further notified Plaintiffs and all passengers that such excursions are operated by independent third parties; because Plaintiffs have not offered competence evidence to rebut Defendant's proof, Plaintiffs have failed to show that a genuine issue exists as to Carnival's ownership of the catamaran.

■ Plaintiffs argue in the alternative that Defendant is liable for their safety during travel from dock to ship and back; this portion of travel is known as the "tender" and is provided by the cruise ship. However, Plaintiffs in their complaint and in their motion acknowledge that the catamaran trip was an *excursion* for which they purchased separate tickets. Plaintiffs have failed to support their assertion that the return trip on the catamaran was a tender for which Carnival would owe them a duty of care.

■ Plaintiffs next challenge as ambiguous the disclaimer contained in the ticket contract, which disclaims Defendant's liability for injuries caused by independent operators on excursions. Plaintiffs cross-reference paragraph 1(b) in the contract, which designates Defendant as agent for such independent contractors, with paragraph 9, which identifies Defendant as agent for the passenger. This according to Plaintiffs creates an ambiguity that must be construed against the Defendant. Even so, Plaintiffs have not suggested what this construction should be, nor have they argued that the disclaimer is unenforceable as a result of the alleged ambiguity. Courts have regularly upheld the validity of similar waivers. *See, e.g., Dubret v. Holland America Line Westours, Inc.,* 25 F.Supp.2d 1151, 1153 (W.D.Wash.1998) (listing cases that have found similar liability waivers enforceable). The Plaintiffs have not shown any reason why the disclaimer should not be enforced, and the court finds that it is valid.

## III. Conclusion

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion for Summary Judgment be, and the same is hereby, GRANTED.

This case is CLOSED. All pending motions are DENIED as MOOT.

---

**1.** In their response, Plaintiffs claim that disputed facts include Defendant's obligations to Plaintiffs, Defendant's control of the catamaran, and whether Defendant breached its duty of care. These are legal arguments, not disputed facts, and may be decided on summary judgment.