GODERICH, Judge.
The plaintiff, Samuel Samuelov, appeals from an adverse final judgment. We affirm, in part, and reverse, in part.
Samuel Samuelov was a passenger on the Imagination, a cruise ship that was owned and operated by Carnival Cruise Lines, Inc. [Carnival]. Samuelov and his companion purchased tickets for an optional shore excursion to the Mayan ruins in Tulum, Mexico. The Imagination’s original itinerary had a scheduled “operational stop” at the port of Calica to disembark passengers going on this shore excursion. On the day of the excursion, in accordance with a revised itinerary, the Imagination made an “operational stop” in Playa del Carmen, Mexico, for the sole purpose of *855 disembarking passengers going on the Tu-lum tour. The Imagination anchored in the harbor alongside a tender allegedly owned and operated by Tursimo Aviomar. The 322 passengers who were taking the Tulum tour, including Samuelov, disembarked the Imagination and, with the help of the Imagination crew, crossed the gangplank to the tender.
The tender’s lower deck was enclosed from the elements, but the upper deck was exposed. Samuelov was unable to find a place to sit on the lower deck, so he climbed the stairs to the upper deck. When Samuelov reached the upper deck, he realized that it was windy and raining. Because there were numerous passengers directly behind him, Samuelov could not return to the lower deck. Samuelov crossed from the top of the stairway to the railing. He held the railing as he looked for a dry seat. Finding no place to sit, he let go of the railing and walked across the deck looking for a dry location to stand. As he walked across the deck, he slipped and fell, and broke his hip.
Samuelov brought suit against Carnival for negligence alleging that Carnival had breached its duty of care by allowing a dangerous condition to exist on the tender and by failing to warn him of such condition. Carnival answered and asserted several affirmative defenses.
Carnival moved for summary judgment on the grounds that it could not be held liable for the negligence of an independent contractor, that liability had been disclaimed in the cruise ticket, and that Sa-melov’s injuries were as a result of his failure to use due care. The trial court denied the motion.
Samuelov moved for partial summary judgment arguing that Carnival had a non-delegable duty to provide him with safe transportation, under adequate supervision, to and from the dock, Laivlor v. Incres Nassau Steamship Line, Inc., 161 F.Supp. 764 (D.Mass.1958); Johnson v. Home Lines, Inc., 48 Misc.2d 1090, 266 N.Y.S.2d 582, 583-84 (Civ.Ct.1965), and that the disclaimer which Carnival relied upon was ineffective to disclaim its own negligence. Carlisle v. Ulysses Line, Ltd., 475 So.2d 248 (Fla. 3d DCA 1985). The trial court found that Samuelov was injured on a “tender” and that Carnival had a non-delegable duty to provide him with safe transportation under adequate supervision between the cruise ship and the shore. Accordingly, the trial court entered partial summary judgment in favor of Samuelov.
The parties proceeded to trial. At the conclusion of Samuelov’s testimony, Carnival moved for a directed verdict. The trial court granted the motion for directed verdict and entered final judgment in favor of Carnival reasoning that the condition on the tender that caused Samuelov’s injury was “open and obvious.” Samuelov’s appeal, and Carnival’s cross-appeal, follow.
On cross-appeal, Carnival contends that the trial court erred by granting Samue-lov’s motion for partial summary judgment. More specifically, Carnival argues that, in accordance with its disclaimer of liability, it had no duty to Samuelov while he was on a shore excursion that was operated by an independent contractor. Henderson v. Carnival Corp., 125 F.Supp.2d 1375, 1377 (Fla.S.D.2000); Dubret v. Holland America Line Westours, Inc., 25 F.Supp.2d 1151, 1153 (Wash.W.D. 1998). Although we agree that Carnival accurately states the law, we disagree that it has application to this case.
The law is well settled that “[a] carrier that contracts to take a passenger on a cruise stopping at a designated foreign port has a duty if the vessel anchors in that harbor to provide him with safe transportation, under adequate supervision, to and from the dock.” Lawlor, 161 *856 F.Supp. at 767. Because “a passenger cruise ship entices people aboard with the promise of stopovers in exotic ports, the ship owner must see to those passengers’ safe embarking and disembarking in each such port.” Isham v. Pacific Far East Line, Inc., 476 F.2d 835, 836 (9th Cir. 1973). In Johnson v. Home Lines, Inc., 48 Misc.2d 1090, 266 N.Y.S.2d 582, 583-84 (Civ.Ct.1965), a passenger on a cruise to Nassau was injured on the tender that took him from the cruise ship to Nassau. The tender was owned by the government of Nassau and operated under an agreement with the cruise line. The Johnson court relied on Lawlor and held that the cruise line had a duty to provide the passenger with safe transportation, under adequate supervision, to and from the ship to shore, that this duty was not delegable, and that the portion of the exculpatory clause that attempted to immunize the cruise line from any responsibility whatsoever during the passenger’s transportation on the tender was void as against public policy. Johnson, 266 N.Y.S.2d at 584.
In the instant case, we agree with the trial court’s determination that the transportation provided to Samuelov between the Imagination and Playa del Carmen was a “tender” and that Carnival had a non-delegable duty to provide Samuelov with safe transportation, under adequate supervision, to and from the ship to shore.
Carnival argues that the boat that provided Samuelov’s transportation to shore was not a “tender” and that the boat ride was part of the shore excursion to Tulum. Carnival relies on Henderson v. Carnival Corporation, 125 F.Supp.2d 1375, 1377 (S.D.Fla.2000), where the court determined that passengers who were injured on the return trip of a catamaran excursion operated by an independent contractor were not on a tender such that Carnival owed them a duty of care. We find that Henderson is factually distinguishable from the case before us in that the essence of the excursion in Henderson was the catamaran ride itself and not a land tour as is this case. For these reasons, the trial court properly entered partial summary judgment in favor of Samuelov.
With regard to the main appeal, Samue-lov contends that the trial court erred by granting a directed verdict on the basis that the condition that caused his injury was open and obvious. We agree.
“A property owner is not absolved of responsibility where the owner has reason to believe that others will encounter the dangerous condition regardless of the open and obvious nature of the condition.” Kloster Cruise Ltd. v. Grubbs, 762 So.2d 552, 555 (Fla. 3d DCA 2000). The fact that passengers would have to cross the wet, slippery exposed upper deck of the tender should have been reasonably anticipated by Carnival. Therefore, the trial court erred by directing a verdict and should have allowed the case to proceed to a jury verdict. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Affirmed, in part; reversed, in part, and remanded.