Gail **LUTHER**, Plaintiff,

v.

**CARNIVAL CORPORATION,**
Defendant.

**Case No. 14–CV–20132.**

United States District Court,
S.D. Florida.

Signed April 1, 2015.

Jack Paris, The Cochran Firm, Miami Springs, FL, for Plaintiff.

Jeffrey Eric Foreman, Andrew Douglas Craven, Elisha Sullivan, Foreman Friedman, PA, Miami, FL, for Plaintiff.

## ORDER

KATHLEEN M. WILLIAMS, District Judge.

**THIS MATTER** is before the Court on Defendant's motion for summary judgment. (DE 27). For the reasons stated below, the Defendant's motion is **GRANTED.**

### I. Background [1]

This case arises from Plaintiff Gail Luther's injuries from a slip-and-fall accident while she was a passenger aboard Defendant's cruise ship, the Carnival Sensation. (DE 27 Undisputed Material Facts ("UMF") ¶ 1). The single count of the complaint alleges that Defendant's negligence makes it liable for Luther's "traumatic hip injury" sustained when she slipped and fell on the deck of the ship following a period of rainy weather. (DE 1 ¶¶ 11–15, 17(a); DE 28 at 2).

After boarding the ship, Luther and her traveling companions attended a muster meeting, which took place indoors. (UMF ¶¶ 3–4). At the suggestion of her companions, Luther went outside to view the lifeboats after the meeting.[2] Luther noticed

---

**1.** Despite citing the local rule requiring that statements of material facts submitted in opposition to a motion for summary judgment shall "be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," Plaintiff's factual response lacks a single citation. Southern District of Florida Local Rule 56.1(a). Because the Court finds that Defendant's facts are supported by the record, no genuine issue of material fact remains and the Court focuses its analysis on the question of whether Defendant is entitled to summary judgment as a matter of law. Southern District of Florida Local Rule 56.1(b).

**2.** Q. Okay. Going to see the lifeboats, was that something that Carnival, the people that worked on Carnival told you to do, or was that something that Ms. Herman wanted to do?

[Luther] A. That was something Ms. Herman wanted to do.
(DE 27–1 at 69:16–21).

that the deck both "looked wet from raining earlier" and was in fact wet with rain water. (UMF ¶¶ 9–10).[3] Luther then injured her hip when she slipped and fell on the deck. (UMF ¶ 13). There is no allegation that the deck was negligently designed or constructed. Similarly, although the pleading and Luther's response to the motion for summary judgment are replete with references to the "slippery" deck, there is no allegation that the wood deck was unreasonably slippery or constructed of a defective material that was extraordinarily slippery when wet. (*See, e.g.,* DE 28 at 6).

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or others materials ..." Fed.R.Civ.P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party,

and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta,* 520 F.3d 1269, 1274 (11th Cir.2008) (quotation marks and citations omitted).

## III. Analysis

 Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1320 (11th Cir.1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe,* 867 F.2d at 1322. To prove negligence, Plaintiff must show: (1) that Defendant had a duty to protect Plaintiff from a particular injury; (2) that Defendant breached the duty; (3) that the breach was the actual and proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages. *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1336 (11th Cir.2012). In maritime claims against a vessel owner, a plaintiff must show that a shipowner had "actual or constructive notice of the risk-creating condition" before negligence liability can be imposed. *Keefe,* 867 F.2d at 1322. While carriers have a duty to warn passengers of dangers, this duty extends only to those dangers "which are not apparent and obvious to the passenger." *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40, 41 n. 1 (S.D.Fla.1986) (citing *N.V. Stoomvaart Maatschappij 'Nederland' v. Throner,* 345 F.2d 472 (5th Cir. 1965)). The "mere fact that one slips and

**3.** Although the deposition testimony contradicts the pleading that there were puddles on the deck, the Parties agree "that there had been 'off and on' rain showers throughout the

day" that left the ship's deck wet at the time of the accident. (DE 28 at 2; *see also* UMF ¶¶ 8–11).

falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable." *Wish v. MSC Crociere S.A.,* Case No. 07–60980–CIV, 2008 WL 5137149, at *3 (S.D.Fla. Nov. 24, 2008).

In this case, Luther's theory of liability is that "defendant had a duty to act as to the wet deck and wholly failed to do so." (DE 28 at 6). It is not clear what Plaintiff contends Defendant ought to have done, but Luther vaguely suggests that "Defendant should have inspected and prepared the Lido deck for its fare-paying passengers after the meeting." (DE 28 at 5). Defendant casts the issue differently; in its view, the danger at issue is the everyday risk of walking on a wet outdoor surface after a period of rain. Defendant argues that this danger is so apparent and obvious that it absolves Defendant of any liability.

■ Luther does not claim that the deck was more slippery than could ordinarily be expected and courts have found that the slickness of a rain soaked deck does not, by itself, establish negligence. *See, e.g., Wish,* 2008 WL 5137149 at *3. Luther's testimony demonstrates that she recognized and appreciated the risk of slipping when walking on the deck (UMF ¶ 11); she testified that she noticed the wetness of the deck and stepped "prudently," further indication that she appreciated the everyday risk that comes with walking on a wet surface. (DE 28 at 2). Thus, her testimony makes clear that she was aware of the wet deck, and that the danger was apparent and obvious.

The Court notes that another case in this district, *Frasca v. NCL (Bahamas) Ltd.,* Case No. 12–20662–CIV–GOODMAN, 2014 WL 1385806 (S.D.Fla. April 9, 2014), was decided on remarkably similar facts. *Id.* at *6 (finding that a slick deck caused by water from rain or mist is an open and obvious condition and granting summary judgment for defendant). In *Frasca,* the plaintiff slipped and fell on a cruise ship deck made wet by water from "mist or rain." *Id.* at *6. The court in *Frasca* concluded that the dangers of slipping on the deck were apparent to the plaintiff inasmuch as "the rainy/misty condition itself serves as an adequate warning that the deck would be wet and slick because it is obvious to a reasonable person." *Id.* at *7.

Luther makes no attempt to distinguish *Frasca* and instead focuses on two Florida state cases: *Kloster Cruise Ltd. v. Grubbs,* 762 So.2d 552 (Fla.Dist.Ct.App.2000) (plaintiff was injured when she slipped and fell on an interior metal threshold in a doorway), and *Samuelov v. Carnival Cruise Lines, Inc.,* 870 So.2d 853 (Fla.Dist. Ct.App.2003) (plaintiff was injured when he was forced to cross the exposed upper deck when disembarking from an excursion). Those cases are distinguished from the situation here for *exactly* the same reasons discussed by the *Frasca* court. Accordingly, the Court adopts the analysis in *Frasca* and similarly finds *Grubbs* and *Samuelov* unpersuasive. *Frasca,* 2014 WL 1385806, at *7. The Court concludes that Defendant had no duty to warn Luther because the undisputed facts establish that Luther was aware of an open and obvious danger, to wit: an outside deck that was wet from rain and therefore could be slippery.

■ Last, the Court notes that the notice arguments advanced, if cursorily, by both Luther and Defendants are irrelevant because there are no allegations—and certainly no record facts showing—that the deck was unusually, extremely, or unreasonably slippery. And there is no evidence that there were similar accidents on this deck surface at this ship location in the past. *See Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir.1988) (hold-

ing that only prior incidents caused by a substantially similar condition are admissible). Ultimately, a shipowner's duty to warn "extends only to those dangers that are not apparent and obvious to the passenger." *Frasca* at *6; *Luby,* 633 F.Supp. at 41 n. 1; *Magazine v. Royal Caribbean Cruises, Ltd.,* Case No. 12–23431–CIV, 2014 WL 1274130, at *4 (S.D.Fla. March 27, 2014).

Defendant had no duty to protect Luther from the open and obvious danger of the wet deck. As in *Frasca,* this Court finds that Luther failed to show that Defendant breached its duty of care to Luther. Although Luther sustained a "traumatic hip injury" requiring surgery (DE 28 at 2), liability cannot rest on sympathy alone. See *Frasca,* at *11; *Weiner v. Carnival Cruise Lines,* Case No. 11–CV–22516, 2012 WL 5199604, at *6 (S.D.Fla. Oct. 22, 2012); *Young v. Carnival Corp.,* Case No. 09–21949–CIV, 2011 WL 465366, at *4 (S.D.Fla. Feb. 4, 2011).

## IV. Conclusion

Viewing all facts in the light most favorable to Plaintiff Gail Luther, the Court finds that Defendant is entitled to judgment as a matter of law. Because Luther cannot show that Defendant has breached its duty of care, her negligence claim must fail. Defendant's Motion for Summary Judgment (DE 27) is **GRANTED**. All other pending motions are **DENIED as MOOT**. All hearings are **CANCELED**. Defendant shall file a Motion for Final Judgment and a Proposed Order of Final Judgment within 10 days of the date of this Order.